Date signed January 03, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 06-15561PM |
|---|---|
| Delores S. Thompson, | Chapter 13 |
| Debtor. | |

**MEMORANDUM OF DECISION**

Before the court is the unopposed motion to reconsider this court's Order on the Trustee's Limited Objection to Attorney Fees entered October 25, 2007. (D.E.. #64). That Order allowed total compensation of $4,250.00 and provided for payment of $2,750.00 as of confirmation of the Debtor's Plan on May 16, 2007, with a balance to be paid at the rate of $125.00 per month thereafter.[1]

This regime for the payment of attorney's fees in Chapter 13 cases was the creation of a special committee headed by Judge Alquist of this court consisting of a number of members of the Bar, including representatives of the Bankruptcy Bar Association of Maryland and the Consumer Bankruptcy Group of the Maryland State Bar Association. The Judges of this court were concerned by the actions of some members of the Bar whose primary interest appeared to be their own compensation rather than the welfare of their clients. The Bar became concerned with what it perceived would be a massive increase in responsibility as a result of the

---

[1] The Debtor's Plan calls for a payment of $11,000.00 in the 13th month of the plan. Were this payment not made and the case converted or dismissed because of the failure to make this large payment, the primary beneficiary of this case would be counsel.

implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Over a prolonged period of discussion that began prior to the enactment of BAPCPA, a consensus was reached whereby the presumptive fee[2] was substantially increased with payment over an extended period. The court was advised that this arrangement was throughly discussed among the members of the two associations that represent most of the active practitioners of bankruptcy law in this District. Appendix F of the Local Bankruptcy Rules was the product of this joint effort. This process is described thoroughly in Judge Keir's opinion in the case of *In re Bellamy*, ___B.R. ___, 2007 WL 4233106 *5-6 (BC Md. 2007).

    Counsel argues here that it must be paid ahead of all other creditors on account of its $4,500.00 fee for services previously rendered and to be rendered over the 45-month period of the Plan. In short, the attorneys wish this court to allow them to pocket funds that are paid to them in anticipation of future legal services, that under State law must be held in trust, and therefore to stamp its approval upon a violation of Maryland Rule of Professional Conduct 1.15. *See Attorney Grievance Commission of Maryland v. Webster*, ___A.2d ___, 2007 WL 4292105 (Md. 2007).[3] The court will not sanction a result that is contrary to Maryland law. If counsel wishes immediate payment, the court will follow the procedure laid out by Chief Judge Keir in the *Bellamy* case and allow payment now for services rendered to date.

    The court will grant reconsideration of the Order, in part, and allow compensation in the sum of $2,750.00 that is deemed earned as of the date of confirmation of Debtor's Plan, with the balance of compensation subject to future applications therefor and approval thereof.

    An appropriate order will be entered.

---

[2] A presumptive fee is a method used by bankruptcy courts in routine cases under Chapter 13 to enable the allowance of attorneys' fees without the necessity of formal fee applications. It is normally established by local rule. *See In re Kula*, 213 B.R. 729, 736-7 n.5 (BAP8 1997); *In re Kopet*, 2005 WL 4704993 (BC Id. 2005).

[3] While there is a difference of opinion among courts as to whether a court may order attorneys' fees to be paid out in installments following confirmation of a Chapter 13 plan, this court believes the better view is that stated in the cases of *In re Pappas & Rose, PC*, 229 B.R. 815 (W.D. Okla. 1998), and *In re Lanigan*, 101 B.R. 530 (BC N.D. Ill. 1986), providing for periodic payments to debtor's counsel.

cc: Debtor
    Debtor's Counsel
    Chapter 13 Trustee
    United States Trustee

**End of Memorandum**